UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRYAN WEBB,

    Plaintiff,

    v.

P. LLAMAS, et al.,

    Defendants.

Case No. 1:20-cv-00725-SKO (PC)

**ORDER GRANTING DEFENDANTS' EX PARTE APPLIATION TO MODIFY THE DISPOSITIVE MOTION FILING DEADLINE**

(Doc. 49)

Plaintiff Bryan Webb is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.      RELEVANT PROCEDURAL BACKGROUND**

On January 6, 2022, this Court issued its Discovery and Scheduling Order. (Doc. 41.)

On June 7, 2022, the Court issued an Order Granting Defendants' Motion to Modify the Discovery and Scheduling Order, extending the deadlines for the completion of all discovery and for the filing of dispositive motions. (Doc. 43.)

On November 3, 2022, the Court granted Defendants' motion to modify the discovery and scheduling order (Doc. 45), extending the deadline for the filing of dispositive motions from November 7, 2022, to January 6, 2023. (Doc. 46.)

On January 3, 2023, the Court granted Defendants' motion to modify the dispositive motion filing deadline, extending the deadline from January 6, 2023 to February 6, 2023. (Doc.

1    48.)

2          On February 6, 2023, Defendants filed an Ex Parte Application to Modify the Order

3    Extending Time by 7-Days to File Motion for Summary Judgment. (Doc. 49.)

4          **II.      DISCUSSION AND ORDER**

5          Defendants seek a seven-day extension of the February 6, 2023, deadline for the filing of

6    dispositive motions. (Doc. 49 at 1.) Defense counsel's supporting declaration indicates she has

7    completed preparation of the motion for summary judgment, but one of the five supporting

8    declarations remains unexecuted. (*Id*. at ¶¶ 3-4.) The declaration was provided to the declarant on

9    January 31, 2023, for signature; when it was not returned by February 2, 2023, counsel's

10   paralegal called declarant regarding its status. (*Id*. at ¶ 5.) Declarant did not respond, and a

11   follow-up message was sent to declarant's personal email. (*Id*.) On February 6, 2023, having

12   received no response from declarant, counsel's paralegal called again. (*Id*. at ¶ 6.) Declarant's

13   voicemail was not set up to accept messages. (*Id*.) The paralegal sent a text message, but again

14   received no response. (*Id*.) Defense counsel also called declarant's cell phone and sent an email

15   on February 6, 2023, but received no response. (*Id*.) Defense counsel and her paralegal also sent

16   emails to the litigation coordinator at California State Prison, Corcoran, seeking assistance in

17   obtaining the signed declaration. (*Id*. at ¶ 7.) In both the February 2nd and 6th emails, the filing

18   applicable deadline was referenced, and a status requested. (*Id*.) At the time of the filing of the ex

19   parte application, defense counsel had not heard back from either the declarant or the litigation

20   coordinator regarding the outstanding declaration. (*Id*.) Defense counsel states neither she nor her

21   paralegal had been made aware that declarant would be unavailable. (*Id*. at ¶ 8.)

22         Despite counsel's best efforts, the declaration has not yet been received. (*Id*. at ¶ 9.)

23   Counsel states that, to the best of her knowledge, a seven-day extension of time would not

24   significantly delay this action or materially prejudice Plaintiff "who is paroled and did not oppose

25   Defendants' earlier motion to modify the dispositive motion filing deadline." (*Id*. at ¶ 10.)

26   Counsel also states her request is not brought for an improper purpose. (*Id*.)

27   //

28   //

2

Good cause appearing, Defendants' ex parte application (Doc. 49) is **GRANTED**. The deadline for filing dispositive motions is extended from February 6, 2023, to **February 13, 2023**. No further extensions of time will be granted absent extraordinary good cause.

IT IS SO ORDERED.

Dated:  **February 8, 2023**                    */s/ Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE

3