1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                    EASTERN DISTRICT OF CALIFORNIA

10

11    BRYAN WEBB,                                    Case No. 1:20-cv-00725-SKO (PC)

12                          Plaintiff,              **ORDER DENYING PLAINTIFF'S**
                                                    **REQUEST FOR APPOINTMENT OF**
13              v.                                   **COUNSEL**

14    P. LLAMAS, et al.,                            (Doc. 55)

15                          Defendants.

16

17          Plaintiff Bryan Webb is a former state prisoner proceeding *pro se* and *in forma pauperis*

18    in this civil rights action brought pursuant to 42 U.S.C. § 1983.

19          **I.       RELEVANT BACKGROUND**

20          On March 10, 2023, this Court issued an Order To Show Cause Why Action Should Not

21    Be Dismissed For Failure To Comply With Local Rules And Failure To Prosecute (OSC) due to

22    Plaintiff's failure to file an opposition or statement of non-opposition to Defendants' pending

23    motion for summary judgment. (Doc. 53.) Plaintiff was ordered to file a written response to the

24    OSC, or alternatively, to file an opposition or statement of non-opposition to Defendants' motion

25    for summary judgment, within 21 days of the date of service of the order. (*Id*. at 3.)

26          On April 3, 2023, Plaintiff filed a response to the OSC. (Doc. 55.) In addition to

27    addressing his failure to file an opposition or statement of non-opposition to Defendants' pending

28

motion for summary judgment,[1] Plaintiff requested the "Court to appoint counsel to represent him in this case …." (*Id.* at 2.) The Court construes that portion of Plaintiff's response to the OSC as a motion to appoint counsel and addresses Plaintiff's request below.

## II.   DISCUSSION

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

The Court does not find the required exceptional circumstances in this case. Even assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, Plaintiff's case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist; here, they do not. Indeed, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. *See, e.g.*, *Faultry v. Saechao*, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that

---

[1] In an order issued April 4, 2023, Plaintiff was granted a final 60-day extension of time within which to file an opposition to Defendants' motion for summary judgment. (Doc. 56.)

1   "[c]ircumstances common to most prisoners, such as lack of legal education and limited law

2   library access, do not establish exceptional circumstances supporting appointment of counsel");

3   *see also Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when

4   district court denied appointment of counsel despite fact that pro se prisoner "may well have fared

5   better-particularly in the realm of discovery and the securing of expert testimony").

6       Plaintiff is advised that the fact an attorney may be better able to perform research,

7   investigate, and represent a plaintiff does not change the analysis. There is little doubt most *pro se*

8   litigants "find it difficult to articulate [their] claims," and would be better served with the

9   assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence of counsel,

10  federal courts employ procedures which are highly protective of a *pro se* litigant's rights. *See*

11  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard)

12  (per curiam). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe

13  the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los*

14  *Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is

15  "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.

16  1992). Thus, where a *pro se* litigant can "articulate his claims" in light of the relative complexity

17  of the matter, the "exceptional circumstances" which might require the appointment of counsel do

18  not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

19      At this stage in the proceedings, the Court cannot determine whether Plaintiff is likely to

20  succeed on the merits. Defendants have filed a motion for summary judgment addressing the

21  merits of Plaintiff's claims and briefing is ongoing. The Court also finds Plaintiff can articulate

22  his claims. Plaintiff's complaint survived initial screening and the Court ordered service of the

23  complaint under the Court's e-service program in August 2020. (*See* Doc. 8.)  Plaintiff then filed

24  an opposition (Doc. 21) to Defendants' motion to dismiss (Doc. 14), which was granted in part

25  and denied in part on November 8, 2021. (*See* Docs 31 & 32.) The Court notes that Plaintiff has

26  been prosecuting his case for nearly three years.

27      In sum, Plaintiff faces challenges and circumstances faced by most *pro se* prisoner

28  litigants. Those circumstances are not exceptional and do not warrant the appointment of counsel.

*Rand*, 113 F.3d at 1525.

### III.   CONCLUSION AND ORDER

For the reasons stated above**,** Plaintiff's request or motion for the appointment of counsel (*see* Doc. 55 at 2) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:   **April 24, 2023**                                    */s/ Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE